| | |
|---|---|
| SKWRL DESIGN, INC. d/b/a MOVE2PLAY,      ) <br>      ) <br>   Plaintiff,      ) <br>      ) <br> v.      ) <br>      ) <br> THE ENTITIES, PARTNERSHIPS, AND  ) <br> UNINCORPORATED ASSOCIATIONS  ) <br> LISTED ON SCHEDULE A,      ) <br>      ) <br>   Defendants. | Case No.: 3:26-cv-00403 <br><br> **JURY TRIAL DEMANDED** |

## EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER RESTRAINING ASSETS, GRANTING EXPEDITED DISCOVERY, AND ALLOWING ALTERNATIVE SERVICE

This matter comes before the Court on Plaintiff SKWRL Design, Inc. d/b/a Move2Play ("Plaintiff")'s *Ex Parte* Motion for a Temporary Restraining Order (the "Motion") pursuant to Rule 65 of the Federal Rules of Civil Procedure. Having reviewed the Motion, the supporting Memorandum of Law, Declarations, and Exhibits, and being otherwise duly advised, the Court FINDS as follows:

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. **Good Cause for Ex Parte Relief**. Plaintiff has demonstrated good cause to proceed without notice to Defendants. There is a significant risk that immediate, irreparable injury will occur if Defendants receive notice of these proceedings and have an opportunity to transfer assets, change storefront names, or otherwise conceal their identities and infringing activities before the Court can issue relief.

2. **Likelihood of Success on the Merits**. Based on the evidence presented, including proof of Plaintiff's ownership of the Feed the Fish® trademark and registered copyrights, as well

as Defendants' offering of infringing versions of Plaintiff's product and exploitation of Plaintiff's copyrighted works and derivative works thereof, the Court finds that Plaintiff has made a sufficient showing of likelihood of success on the merits of its trademark infringement, copyright infringement, and unfair competition claims.

3. **Irreparable Harm.** Plaintiff has shown that it is likely to suffer irreparable harm in the absence of immediate injunctive relief. Defendants' infringing activities threaten to damage Plaintiff's brand reputation, cause consumer confusion, and divert sales. Moreover, absent an asset restraint, Defendants may dissipate or move funds beyond the reach of the Court.

4. **Balance of Equities.** The balance of hardships favors Plaintiff. The requested relief only restricts Defendants from engaging in illegal acts (i.e., selling infringing goods). Defendants have no lawful right to engage in advertising goods under Plaintiff's mark or to sale goods incorporating Plaintiff's copyrighted works. Therefore, any potential harm to Defendants is outweighed by the harm to Plaintiff if this relief is denied.

5. **Public Interest.** The public interest is served by enforcing intellectual property rights and preventing consumer confusion, deception, and harm caused by infringing products.

6. ~~**Asset Freeze Necessary.** An immediate asset freeze is warranted to preserve the status quo and ensure the availability of adequate relief (including an accounting of profits) should Plaintiff ultimately prevail.~~

7. **Expedited Discovery.** Good cause supports allowing Plaintiff limited discovery from third parties (including e-commerce platforms) prior to a Rule 26(f) conference so that Plaintiff can uncover Defendants' true identities, financial accounts, and volume of infringing sales, as well as effectuate this Order.

8. **Alternative Service of Process.** Plaintiff has shown good cause to serve Defendants via electronic means (including e-mail or the messaging systems of e-commerce

platforms) or by posting on a designated website, pursuant to Fed. R. Civ. P. 4(f)(3), as Defendants' true identities and addresses are unknown or located overseas, and service by traditional methods would be impracticable or ineffective.

Accordingly, **IT IS HEREBY ORDERED:**

**II.      TEMPORARY RESTRAINING ORDER**

**A.      Enjoined Conduct**.

Effective immediately, Defendants (identified on Schedule A, filed under seal), their officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with them are hereby ENJOINED from:

1.      Manufacturing, importing, advertising, promoting, distributing, offering for sale, or selling any products bearing Plaintiff's Feed the Fish® mark or any confusingly similar variations thereof;

2.      Copying, reproducing, distributing, or making derivative works of Plaintiff's copyrighted works and the selection and arrangement thereof embodied in Plaintiff's Feed the Fish® or Giraffe Play & Score Activity Center;

3.      Using Plaintiff's Feed the Fish® trademark or any reproduction, counterfeit, copy, or colorable imitation thereof, or any of Plaintiff's copyrighted works or derivatives thereof, in connection with the distribution, advertising, offer for sale, or sale of merchandise not the genuine products of Plaintiff;

4.      Moving, destroying, or otherwise disposing of any items, packaging, or documents relating to the manufacture, distribution, or sale of infringing Feed the Fish® products or the use of Plaintiff's copyrighted works;

5.      Removing, destroying, or otherwise concealing computer files, e-mail correspondence, or other records related to Defendants' infringing activities;

3

6.      Transferring, encumbering, spending, or otherwise disposing of any funds either connected to the sale of infringing goods or stored with any payment processor or financial institution having United States operations.

**III.      ASSET FREEZE**

1.      **Asset Freeze.** Any and all financial accounts associated with Defendants (including but not limited to accounts with PayPal, Amazon Pay, Walmart Marketplace payment portals, Shopify Payments, Stripe, Alipay, WeChat Pay, Venmo, Cashapp, Zelle, and any other payment processing service or financial institution) shall be immediately FROZEN pending further Order of this Court.

2.      These financial institutions and payment processors shall immediately locate and restrain all funds in Defendants' accounts connected to the sale of infringing goods, or which could be seized to satisfy a judgment relating to such sales, and prevent the transfer or withdrawal of any such funds, except by further Order of this Court.

3.      Defendants are prohibited from transferring, encumbering, spending, or otherwise disposing of any funds restrained pursuant to this Order.

**IV.      THIRD-PARTY COMPLIANCE AND NOTICE**

**A.      E-Commerce Platforms and Social Media Services.**

The following platforms or their affiliates—Amazon, Walmart, Temu, Instagram, TikTok, Shopify, eBay, and any other online marketplace or social media platform used by Defendants—shall, upon receiving notice of this Order:

1.      Disable and remove any listings or advertisements by Defendants for products bearing Plaintiff's Feed the Fish® trademark or incorporating any of Plaintiff's copyrighted works or derivative works thereof;

2.      Preserve and produce to Plaintiff within fourteen (14) days of receiving this Order

4

(or within a timeframe otherwise directed by the Court) all documents and records relating to Defendants' listing, advertising, and sale of such infringing products, including but not limited to account details, seller information, transaction histories, payment account identifiers, and contact information;

3. Restrict or disable access to Defendants' storefronts or seller accounts until further Order of this Court; and

4. Restrain any funds in Defendants' seller accounts consistent with the Asset Freeze provisions of this Order.

**B. Notice to Defendants and Third Parties.** Third-party platforms shall provide notice of this Order to Defendants by means reasonably calculated to reach Defendants (e.g., email or direct platform messaging) and shall produce to Plaintiff, within fourteen (14) days of receiving this Order (or within a timeframe otherwise directed by the Court) documents sufficient to show such efforts to give notice and any responses by the recipients of such notice.

## V. EXPEDITED DISCOVERY

A. Plaintiff may immediately serve limited expedited discovery requests, including Rule 45 subpoenas, on e-commerce platforms, financial institutions, payment processors, and other relevant third parties, seeking information sufficient to identify Defendants, their online storefronts, and their financial accounts.

B. Third parties served with such subpoenas shall produce responsive documents and information to Plaintiff within fourteen (14) days of service, unless otherwise stipulated or ordered by the Court.

## VI. ALTERNATIVE SERVICE

A. Pursuant to FED. R. CIV. P. 4(f)(3), Plaintiff is hereby authorized to serve Defendants with process, pleadings, and all subsequent Court papers by one or more of the

Case 3:26-cv-00403    Document 22    Filed 04/24/26    Page 5 of 7 PageID #: 201

following means:

1.  Email transmission to the e-mail addresses provided by Defendants to the e-commerce platforms or revealed through expedited discovery;

2.  Electronic messaging on any e-commerce platform or social media platform used by Defendants;

3.  Posting copies of this Order and the Summons and Complaint on a website to be established by Plaintiff (and sending Defendants a link to that website via e-mail or platform messaging), such that Defendants may view all relevant documents.

B.  Such service shall be deemed effective and complete upon the earlier of (a) the date of transmission or (b) the date of posting on the designated website.

## VII. SECURITY BOND

Pursuant to Federal Rule of Civil Procedure 65(c), the Court sets the bond amount at $5,000. Plaintiff shall post the bond with the Clerk of Court to secure payment of any damages sustained by any party found to have been wrongfully restrained.

## VIII. DURATION OF ORDER AND SHOW CAUSE HEARING

A.  This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date and time of its entry unless extended for good cause, or unless Defendants consent that it remain in effect until the date set for a preliminary injunction hearing.

B.  Defendants are ORDERED to appear before this Court on the 5th day of May, 2026, at 4:30 p.m., to show cause why a preliminary injunction should not issue extending the relief granted herein through trial or final resolution of this matter.

C.  Any Defendant that is served with this Order but fails to appear shall be deemed to have consented to the issuance of a preliminary injunction.

6

## IX.    OTHER PROVISIONS

A.    Nothing in this Order shall prevent the Court from granting further extensions or modifications in accordance with Rule 65.

B.    Plaintiff shall promptly file proof of service for all Defendants and third parties served with this Order.

C.    Upon two (2) business days' written notice to the Court and to Plaintiff's counsel, any Defendant or affected third party may appear and move to dissolve or modify the provisions of this Order.

IT IS SO ORDERED.

Dated: 24th Day of April 2026, at : 10:00 a.m.

_____

UNITED STATES DISTRICT JUDGE

7